Cranch, C. J.,
delivered the opinion of the Court.
(Duckett, J., absent.)
The facts which give jurisdiction to this Court in the present case are: That the complainant is a creditor of the deceased, residing in the District of Columbia. That letters of administration have been granted to the defendant, Peggy McLaughlin, by the Orphans’ Court of Washington. That the only sureties for her faithful administration of the estate reside in Baltimore, in Maryland, and out of the reach of the civil authority of this district. That the administratrix, Peggy McLaughlin, was about to remove with the effects of her deceased intestate, out of the District of Columbia, and beyond the reach of its process. That the Orphans’ Court of Washington county, although it has exclusive original cognizance of the sufficiency of the sureties upon administration-bonds taken by that court, yet has no power to issue a writ, of ne exeat, nor any other original process to restrain the administratrix from departing with the goods of the deceased, out of its jurisdiction.
These facts being admitted by the answer, the Court cannot dissolve or discharge the ne exeat as to the defendant, Mrs. McLaughlin. The Court sees no ground for a ne exeat against Mr. Barney; if there was any stated in the bill it is removed by his answer. There may be some doubt also as to the power of issuing a ne exeat against a citizen of another State. The writ of ne exeat being considered as originally founded upon the right of the sovereign or of the State to demand the services of all its subjects.
It is the opinion of the Court, therefore, that the ne exeat should be discharged as to him, and as to Holliday and Allen, who, although they were charged by the bill with being concerned in the transportation of the goods so clandestinely attempted to be carried away, yet having voluntarily relinquished the business and delivered up the goods, ought not to be further charged. It is also the opinion of the Court that the order of -the judge did not require the marshal to detain the goods, if proper security had been tendered by Mrs. McLaughlin upon the process of ne exeat, the effect of the order being to give an option to the defendants to deposit the goods in lieu of other security.
It is therefore ordered by the Court that the said goods, now in the custody of the marshal, be delivered up to the defendant, Peggy McLaughlin, upon her giving a ne exeat bond in the usual form, in the penalty of one thousand nine hundred dollars. Those goods are considered as having been voluntarily delivered to the marshal, and being thus in his hands, by virtue of a condition intended for the benefit of the defendants, the Court does not think it right that they should take them back without giving that security for which they were intended as a substitute.
Messrs. E. J. Lee, G. Lee, Jones Sf Hiort, for the plaintiff.
Messrs. Swann, and P. B. Key, for the defendants.
Upon the question respecting the attachments, the Court is of opinion, that the defendant, Mrs. McLaughlin, has a right to appear without security. To require security, would be to evade the rule of law that an administrator is not required to give bail for a debt due from the intestate. To allow the goods of the deceased to be attached, would interfere with another rule of law, which requires the marshalling of assets, and the priority or equality of payment to the creditors of the intestate.
The Court is also of opinion, that the process of chancery attachment will not lie in this court against the effects of a debtor, resident within the District of Columbia. Upon the first hearing of the answer of Mrs. McLaughlin, the Court noticed several expressions in it, which at that time, seemed indecorous and disrespectful towards this Court and its process. It was endeavored, by her counsel, to explain them in such a manner as to show that they ought not to be considered as offensive. But upon a careful perusal of the answer, the Court finds that its first understanding of those expressions was correct; and not to have noticed them, would have implied a carelessness of that self-respect, which it is the duty of every court of justice to maintain.
The first expression alluded to, is that which charges, that the complainant’s bill “ contains a libel upon the Orphans’ Court.” Mrs. McLaughlin, or the solicitor who drew her answer, must have known, that the bill had been perused by one of the judges of this Court, before the order for a ne exeat was made, and that the judge would not have made such an order, if the bill had been considered as a libel upon that court. Nor has the Court found any thing in the bill which can justify that allegation in the answer. After the bill had been thus sanctioned by a judge’s order, the Court cannot but consider the expressions of the answer in that respect as disrespectful.
The other expression alluded to, is that which declares, that the defendant’s goods “ have been shamefully and wantonly seized by the process of this Court, at the instance and false suggestions of the complainant.”
The CouRT, therefore, directs the clerk to strike out those expressions in the answer of Mrs. McLaughlin. From the respectability of the counsel who has signed that answer, the Court cannot believe that any thing disrespectful to the Court was intended to be sanctioned by him, but is willing to believe that those expressions must either have escaped his notice, or have been understood by him in a manner different from the impression which they have made upon the Court.